Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. Jason Arrington           Docket No. 99-00043-008 Erie

### '07 Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Jason Arrington, who was placed on supervision by the Honorable Sean J. McLaughlin sitting in the Court at Erie, on the 28th day of December 2000, who fixed the period of supervision at four years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm or destructive device.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.
- The defendant shall pay to the United States a special assessment of $100.

12-28-00:     Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 50 Grams of Crack Cocaine and in Excess of 500 Grams of Powder Cocaine; Sentenced to 36 months' custody of the Bureau of Prisons, to be followed by 4 years' supervised release.

08-01-03:     Released to supervision; Currently supervised by U.S. Probation Officer David J. Conde.

03-14-07:     Judgment modified by United States District Judge Sean J. McLaughlin to extend the term of supervised release by 12 months.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that Mr. Arrington was cited by the Erie Police Department on August 13, 2007, with Public Drunkenness. Police told the Probation Office that Mr. Arrington had a blood alcohol concentration at the time of 0.24 percent. Upon questioning by the probation officer, Mr. Arrington stated that he had gone to a party with his girlfriend, and he had been drinking when he got into an argument with her. After the argument, Mr. Arrington called the police because he had hit his girlfriend and felt that he needed to report that to the police. According to the police, she was not willing to press charges against Mr. Arrington. On August 24, 2007, Mr. Arrington pled guilty to Public Drunkenness before District Justice Paul Urbaniak and was ordered to pay $141 in fine and costs.

As a result of this incident, on August 23, 2007, Mr. Arrington signed a Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Time of Supervision (enclosed), in which he agreed to the following modification of supervision: The releasee agrees not to purchase, possess, or consume alcoholic beverages.

U.S.A. vs. Jaron Arrington
Docket No. 99-00043-008 Erie
Page 2


PRAYING THAT THE COURT WILL ORDER that the supervised releasee shall not purchase, possess, or consume alcoholic beverages.

|  |  |
|---|---|
| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
| Considered and ordered this _____ day of _____, 20 ____ and ordered filed and made a part of the records in the above case. | Executed on August 27, 2007 |
| _____ U.S. District Judge | _____ David J. Conde U.S. Probation Officer |
|  | _____ Gerald R. Buban Supervising U.S. Probation Officer |
|  | Place: Erie, PA |